Filed 8/16/24  P. v. Hammonds CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B333866 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A645880) |
| v. | |
| WALTER HAMMONDS, Jr., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Walter Hammonds, Jr., in pro. per.; Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Walter Hammonds, Jr., appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1]  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Hammonds has filed a supplemental brief asking us to reverse the order denying his resentencing petition.  We find no basis for reversal and affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

*The underlying crime*

We take the following facts from the opinion affirming Hammonds's convictions on direct appeal.  (*People v. Hammonds* (Dec. 21, 1992, B051207) [nonpub. opn.] (*Hammonds*).)  The opinion affirmed Hammonds's 14 convictions arising from four separate incidents in 1986, 1987, and 1988.  Our recitation of the facts is limited to those relevant to Hammonds's convictions for murder and attempted murder.[2]

---

[1]  All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  We refer to the law as section 1172.6 for the remainder of this opinion.

[2]  We refer to the Court of Appeal opinion only "for background purposes and to provide context" for Hammonds's arguments.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2.)  We do not rely on the facts in the opinion to review the trial court's determination of Hammonds's eligibility for resentencing at the prima facie stage.  (*Id.* at p. 988.)

"III. The Minimarket Robbery and Murder (Counts 1 and 2); Case No. A646376

"On December 1, 1987, at approximately 8:15 p.m., Sam Lee, the owner of a minimarket and gas station at the intersection of Rosecrans and Aranbe, was inside the minimarket and closing up for the day. He was inside of the store alone as a friend, Roscoe Wimbley, stood in front of the minimarket smoking a cigarette.

"Appellant then walked into the market and asked Lee for a pack of cigarettes. When Lee turned around to get the cigarettes, appellant shot him four or five times in the back from a distance of only a few inches. Wimbley and several other persons outside the market heard the shots and ran away.

"Appellant fled from the minimarket carrying a chrome .45 caliber automatic handgun and a briefcase which belonged to Lee. Lee always put the cash and receipts from the day's tallies into the briefcase at the end of every day and took the briefcase to his car after locking up.

"Investigating officers found Lee dead and lying face down on the floor. Shell casings and bullets found on the floor inside the minimarket were determined by a firearms expert to have been fired from the gun subsequently found in appellant's possession when he was arrested on January 19, 1988. A bullet taken from Lee's body was examined and determined to be consistent with having been fired from appellant's gun.

"The day after the robbery and murder of Lee, appellant threatened to kill an eyewitness who had heard appellant's gunshots and then observed him flee with his handgun and Lee's briefcase. Appellant had the same .45 caliber automatic handgun with which the witness had seen appellant running immediately

3

after appellant shot Lee at the minimarket. Approximately a week later, the witness told a friend that he had seen appellant commit the robbery and murder.

"Appellant asserted an alibi defense through his girlfriend, Rashema Pace, who claimed that appellant was elsewhere on the evening of the robbery and murder at Lee's minimarket. However, after the prosecution presented the testimony of two witnesses who contradicted Pace's alibi claim, Pace recanted and admitted that she had lied during her previous testimony because she did not want appellant to get the death penalty. She did not remember what she had done on the evening of the robbery and murder and simply had repeated in her testimony what appellant had told her to say when he called her on the telephone from county jail.

"IV. Shootout with Compton Police (Counts 3 and 4); Case No. A645880

"On January 19, 1988, Compton Police Officers Tim Brennan and Robert Ladd noticed a vehicle with no license plate and its driver, appellant, looked like he was afraid of the police. Appellant then drove through a stop sign and sped away from the police. Officers Brennan and Ladd pursued appellant in their patrol car until appellant suddenly stopped his vehicle in the middle of the road, got out and fled on foot to a nearby driveway. When appellant got to the end of the driveway, he stopped, turned around, pointed a .45 caliber handgun at the two officers and fired approximately four shots.

"Appellant then ran, and during the ensuing pursuit by the police, several shots were exchanged between appellant and the police. Appellant got into another car, managed to evade the police for the next two hours, but was finally caught after an

4

intense search of the area. Shell casings from the area of the shootout with the police were recovered and determined to have been fired from the Colt .45 caliber chrome handgun taken from appellant when he was apprehended."

***Trial, verdict, and sentencing***

In a 14-count information, the People charged Hammonds with the December 1987 murder and second degree robbery of Lee (§§ 187, subd. (a), 211; counts 1 & 2) and two counts of attempted murder of Officers Brennan and Ladd during the January 1988 shootout (§§ 664, 187, subd. (a); counts 3 & 4).[3] The information alleged that Hammonds personally used a firearm in the commission of the murder and attempted murders. (§§ 12022.5, 1203.06, subd. (a)(1).)

In 1990, a jury convicted Hammonds of all 14 counts, including the first degree murder of Lee and two counts of attempted murder of the two police officers. The jury also found true that Hammonds personally used a firearm in the commission of the murder and attempted murders.

The trial court sentenced Hammonds to an aggregate sentence of life without parole plus 43 years and 10 months. Division Five of this court affirmed Hammonds's convictions on direct appeal. (*Hammonds*, *supra*, B051207.)

***Resentencing***

In 2022, Hammonds filed a form petition under

---

[3]     Hammonds was also charged with two counts of assault with a firearm (§ 245, subd. (a)(2); counts 5 & 6) arising from an August 1987 drive-by shooting, as well as three counts of second degree robbery (§ 211; counts 7–9), one count of attempted second degree robbery (§§ 664, 211; count 10), and four counts of assault with a firearm (§ 245, subd. (a)(2); counts 11–14) arising from a robbery he committed with a codefendant in 1986.

section 1172.6 alleging that he was eligible for resentencing because, as to the murder and attempted murder counts, the information allowed the People to proceed under a theory of imputed malice, he was convicted of murder pursuant to a theory of imputed malice, and he could not now be convicted of murder or attempted murder under the amended Penal Code. The trial court appointed counsel and the People filed an opposition.

In 2023, the trial court held a hearing and denied the petition. It concluded Hammonds was ineligible for resentencing because the jury instructions did not permit the jury to convict Hammonds of murder and attempted murder under a theory of imputed malice.

Hammonds timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Delgadillo*, *supra*, 14 Cal.5th 216. We directed appellate counsel to send Hammonds the record and a copy of the opening brief. We additionally advised that within 30 days of the date of the notice, Hammonds could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Hammonds timely submitted a supplemental brief.

## DISCUSSION

## I. Senate Bill No. 1437 and Section 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended section 188 to eliminate theories of imputed malice as a basis for finding a defendant guilty of murder.

Senate Bill No. 1437 created a procedure, now codified at section 1172.6, which allows persons convicted of qualifying offenses under the former law to seek resentencing if they could

6

no longer be convicted of those offenses under amended section 188.  (*People v. Lewis* (2021) 11 Cal.5th 952, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 847.)  A defendant commences the procedure by filing a petition declaring the defendant was prosecuted under a theory of imputed malice for murder, attempted murder, or manslaughter, and "could not presently be convicted of murder or attempted murder because of changes to Section 188 . . . ."  (§ 1172.6, subd. (a)(1)–(3).)  If the court determines the petitioner made a prima facie case for relief, the court must issue an order to show cause and hold an evidentiary hearing within 60 days.  (§ 1172.6, subds. (c) & (d).)

The amendments to the Penal Code did not invalidate murder convictions based on the theory that the defendant was the actual killer.  (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Mares* (2024) 99 Cal.App.5th 1158, 1166 [Senate Bill No. 1437 did not invalidate murder convictions based on actual killer theories], review granted May 1, 2024, S284232 (*Mares*).)

## II. Hammonds Has Not Asserted Any Basis for Reversal

On appeal, Hammonds contends that the jury instructions allowed the jury to convict him of Lee's murder solely based on his participation in the robbery of the minimarket.[4]  Although the jury was instructed on a theory of felony murder, the record of conviction conclusively establishes the jury convicted Hammonds of murder as the actual killer.  "[D]efendants convicted of felony murder are not eligible for relief if they were the actual killer."  (*People v. Harden* (2022) 81 Cal.App.5th 45, 53 (*Harden*).)

---

[4]  Although Hammonds's petition sought resentencing on the murder and attempted murder convictions, his supplemental brief does not appear to assert any arguments specific to the attempted murder convictions.

7

The trial court instructed the jury that it could find Hammonds guilty of murder if it found Lee was killed during the commission of a robbery and Hammonds had the specific intent to commit the robbery. (CALJIC Nos. 8.10 (Murder) and 8.21 (First Degree Felony-Murder).) However, it also instructed the jury with CALJIC No. 17.19, which required that, to find the firearm allegations true as to murder, the jury had to find beyond a reasonable doubt that Hammonds "display[ed] a firearm in a menacing manner, intentionally to fire it, or intentionally to strike or hit a human being with it." The jury found this allegation true with respect to the murder count.

A person who personally kills a victim by shooting them is an "actual killer." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 18.) A finding that a defendant personally used a firearm does not per se establish a defendant is the actual killer. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743, citing *People v. Jones* (2003) 30 Cal.4th 1084, 1120.) "However, when the record shows only one person displayed and used a gun and '[a]ll evidence points to defendant . . . as the one with the gun,' the true finding on a personal use enhancement demonstrates that the defendant was the actual killer." (*Garrison*, at p. 744.)

Here, the record of conviction shows that the only theory advanced at trial was that Hammonds was the sole person involved—and therefore the only person to use a gun—in Lee's murder. (*Harden*, *supra*, 81 Cal.App.5th at p. 53 [trial court properly denied petition, despite felony murder instruction, where the record of conviction showed defendant was the only person involved in robbery where victim was murdered].) Neither the People nor the defense relied on a theory that there were accomplices or other potential perpetrators of the murder.

Jury instructions concerning multiple perpetrators or allowing the jury to find Hammonds guilty on a theory of indirect liability were expressly limited to counts other than murder. For example, the court instructed the jury with CALJIC No. 2.11.5 regarding "unjoined perpetrators of [the] same crime," which stated there was "evidence in this case indicating that a person other than defendant was or may have been involved in the crime for which the defendant is on trial[ ] in counts 7, 8, 9, 10." Counts 7 through 10 concerned only the 1986 robbery. Additionally, the accomplice instruction in CALJIC No. 3.00, distinguishing between principals and aiders and abettors, also stated that it applied only to counts 7 through 10. The instructions related to the murder and attempted murder counts implicated Hammonds alone.

Further, because the jury also concluded Hammonds personally used a handgun in the commission of the murder, the record of conviction does not leave open the possibility that the jury convicted Hammonds as anything other than the actual killer. (*Harden*, *supra*, 81 Cal.App.5th at p. 53.) Accordingly, he is ineligible for resentencing relief as a matter of law. (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1202 [jury's finding that defendant personally used a weapon in committing murder established defendant was liable for first degree felony murder as actual killer and ineligible for resentencing relief].)

Hammonds also appears to argue that the felony murder rule did not apply to his offenses because his actions were "not a continuous transaction," joinder of the various offenses was improper, and the evidence was insufficient to establish a robbery occurred. These arguments fall outside the scope of the section 1172.6 inquiry. Section 1172.6 is limited to providing

relief only to a defendant who can no longer be convicted of murder because of the changes to the malice requirement reflected in amended sections 188 and 189. (*Mares*, *supra*, 99 Cal.App.5th at p. 1166, review granted [petitioner failed to show he could not be convicted today " 'because of' " changes to malice requirement in §§ 188 and 189].)  Issues of joinder are unrelated to the malice requirement for murder and attempted murder.[5]  Similarly, challenges to the sufficiency of the evidence may not be raised in a section 1172.6 petition.  Section 1172.6 does not "permit wholesale relitigation of findings supporting murder convictions" in resentencing proceedings.  (*People v. Strong* (2022) 13 Cal.5th 698, 715; *People v. Coley* (2022) 77 Cal.App.5th 539, 549 ["[A] section [1172.6] petition is not a means by which a [petitioner] can relitigate issues already decided"].)  Hammonds has advanced no theory connecting these contentions to section 1172.6 resentencing relief.

Finally, Hammonds contends that the trial court erred by failing to instruct the jury on the lesser-included offense of theft. He appears to assert this failure led the jury to convict him of felony robbery and, consequently, felony murder.  To the extent Hammonds is arguing that the original judgment is invalid due to the trial court's failure to instruct on theft, he cannot raise that argument in a section 1172.6 petition for the reasons stated above.  To the extent Hammonds is contending the court's failure to instruct on theft allowed the jury to impute malice to him under a now invalid felony murder theory, we have already

---

[5]    Hammonds challenged the consolidation of his charges on direct appeal from his convictions.  The Court of Appeal rejected the argument.  (*Hammonds*, *supra*, B051207.)

10

rejected that argument by concluding the jury necessarily convicted Hammonds as the actual killer.

## DISPOSITION

The order denying the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


EGERTON, J.

11